Battle, J.
 

 There is one question embraced in the plaintiff’s exception to the master’s report, which, if sustained, will render it necessary to have the account retaken. It is, that though the plaintiff examined the defendant, under an order of the Court, obtained for that purpose, his answers are not evidence for himself, except where they are directly responsive to the interrogatories put to him. It is clearly settled that an answer, to which a replication has been filed, is only evidence for the defendant, in the particulars in which it is responsive to the allegations of the bill, and that all other matters of defense therein set up, must be proved by the defendant; 2 Stor. Eq. sec. 1528 and 1529. Neither Judge Stoiíy, nor any other elementary writer, whose work we have examined, states, particularly, what effect is to be given to the answers made by defendant, when examined upon interrogatories, but in the case of
 
 Chaffin v. Chaffin,
 
 2 Dev. and Bat. Eq. 263, Ruffin, C. J., whose knowledge of equity practice was extensive and accurate, said with respect to the examination of a defendant upon the stating of an account before the master, that
 
 “
 
 it has been thus made evidence for him, so far as it is responsive to the interrogatory, in the- same manner, and upon the same principle, that the defendant’s answer is evidence for him.” “ In suits for accounts,” (lie continued) “ it is impossible the pleadings can put every matter precisely in issue, and, therefore, when the parties go before the master, the plaintiffs may help out their bill by special inter-:
 
 *61
 
 rogatories to the other party. But then, the interrogatories must, be looked at in the light, of being particular charges, supplemental to those more general one’s of the bill; and so the responses are, in this sense, to be transferred to the answer, and made evidence in the cause, though subject to contradiction.” It appears then, that the answers, made by a defendant, to interrogatories upon his examination before the master, are evidence for him, upon the same principle, and to the same extent only, as is his answer to the bill. It follows, that if he be examined as to the items of the plaintiff’s account, his reply will be evidence for him, upon the ground, that as to them, the plaintiff has made him a witness in the cause, and the same rule would apply as to any other matters, about which the plaintiff might think proper to interrogate him; but he cannot be allowed to become a witness for himself to prove charges, which he may have made against the plaintiff, and as to which, no interrogatories have been put to him. Such charges he may prove to the extent of sixty dollars, if he be prepared to do so, under the book debt law; and all above that amount, he must prove, if he can, by independent testimony. In the present case, however, the counsel, for the defendant, contends that the answer to the bill, must be taken as true, because there was no replication filed. " This would be so, if the parties in the Court below had not proceeded to„ take proofs, as if a replication’had been filed. The transcript shows that the cause was set for hearing upon bill, answer, proofs, report of the master and exceptions filed, and then, by consent, was transferred to the Supreme Court. When proofs have been taken, we consider the case as if a replication had been filed, and we allow an amendment to that effect here, as we are authorised to do by the 17th section of the 33rd chapter of the Revised Code; see
 
 Jones
 
 v.
 
 Poston,
 
 2 Jones’ Eq. 184.
 

 The cause must be referred again to the master to state an account between the parties, upon the principle herein declared,-
 

 Per Curiam, Decree accordingly.